### JOHN W. WESTERVELT v. ISAAC D. DEMAREST ET AL.

The publication by savings bank directors that "directors and stockholders are personally responsible for its debts," does not constitute a contract with those who may make deposits; but if the statement is false it lays the foundation for an action for deceit.

--------

Rule to show cause. The facts appear fully in the opinion of the court.

Argued at November Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *Bedle, Muirheid & McGee.*

For the defendants, *Charles H. Voorhis* and *W. M. Johnson.*

The opinion of the court was delivered by

VAN SYCKEL, J. This cause was tried before the Bergen county Circuit Court, by consent, without a jury. The trial judge found the facts to be as hereafter stated. The defendants, directors of the Hackensack Savings Bank, authorized the publication in a Bergen county newspaper, from April

29th, 1873, to May 1st, 1874, of the following advertisement:

"Hackensack Savings Bank.

"Directors and Stockholders Personally Responsible.

"Directors:

"Isaac D. Demarest,      Charles H. Voorhis,
"John H. Banta,        Abraham Collerd,
"Edward A. Walton,    Henry H. Voorhis,
"Garret A. Lydecker.

"C. H. Voorhis, *Pres. and Treas.*

"Isaac D. Demarest, } *Vice-Presidents.*
"John H. Banta,

"A. D. Brower, *Secretary.*

"Open daily, at the First National Bank, from 10 A. M. to 3 P. M., and on Saturday evenings from 6 to 8 o'clock.

"Money deposited on the first business day of the month, will bear interest from the first day of the month.

"Money deposited after the first business day of the month, will bear interest from the first day of the next month. Interest 6 per cent. on all sums."

The plaintiff saw this advertisement in the newspaper, and because of it, became a depositor in said bank.

He made his first deposit on the 26th of February, 1874, and various deposits thereafter.

On the pass-book given to him by the bank, in which his deposits were entered by the bank officers, there was the following printed statement: "The directors and stockholders are personally responsible for all debts and engagements of the bank."

In November, 1879, the bank became insolvent and passed into the control of the Chancellor.

The plaintiff brought this suit against the directors in 1882, to recover the amount he had deposited in the bank.

The right of action is based upon the allegation that the defendants agreed, in consideration of the deposit being made

in the bank, that they would be personally responsible therefor and pay the same upon demand.

Such an agreement to answer for the debt or default of another is within the statute of frauds, and to give it the character of a legal obligation, a note or memorandum thereof in writing, signed by the defendants is requisite.

The plaintiff insists that a contract on the part of the defendants to pay him arises out of the publication by them of the advertisement in the newspaper, and the entry of the same statement in the pass-book.

There is nothing in the rules of the bank which declares that the directors or stockholders shall be personally responsible for its debts. If a contract exists it must be found in the statement authorized by the defendants that the "directors and stockholders were personally responsible."

A contract is an agreement *inter partes*, for sufficient consideration, to do or not to do a particular act. It is manifest that the essential features of a contract are not present here. The publication was a mere representation that a certain fact existed, which cannot, in legal contemplation, be viewed as an agreement, without utterly disregarding the distinction between an *ex parte* statement and a contract. If the published statement had been that stockholders alone were personally responsible, the idea that thereby a contract arose on the part of the directors that the stockholders were personally liable, would not even have been suggested. The fact that the advertisement included the directors in the asserted liability cannot transform a mere representation into a bargain. The language used contains no undertaking that the directors will pay future depositors. It does not purport to create any liability whatever, or to enter into any engagement, but asserts that a liability already existed. It is not in the form of a present undertaking or agreement to pay. If a contract, it embraces in its terms both directors and stockholders. No authority appears to charge the latter with such an obligation; the language used is inapt and insufficient for that purpose, and could not have been so intended or understood.

---

Westervelt v. Demarest.

---

It is clear that no contract was entered into between these parties and that no recovery can be had on the ground of a contract liability. But the statement that directors and stockholders were responsible for all debts and engagements of the bank was false, to the knowledge of defendants, and therefore fraudulent. It appearing as one of the findings of fact in the case that the plaintiff made his deposits relying upon the truth of this statement, he would be entitled to recover the loss he sustained by acting upon it, in an action for deceit. It also appears from the pass-book that entries to the credit of the plaintiff were made in it by the bank officers on the 1st day of May and 1st day of November, in each year from 1873 to 1879, inclusive. The return of this pass-book to the plaintiff on each of these occasions, with the aforesaid printed statement upon it, was a reiteration of the false representation, and it is manifest that thereby the plaintiff was induced to permit his deposits to remain and accumulate in the bank.

This deceit having been practiced by the defendants within six years, they could not avail themselves of the statute of limitations as a defence. Although recovery in this case cannot be maintained upon the basis of a contract, it is obvious that the granting of a new trial would be of no avail to the defendants, for the pleadings would be amended by the trial court, and upon the incontrovertible facts a verdict must necessarily pass in favor of the plaintiff for the loss the false representation has occasioned.

That loss was the sum deposited, with interest, being the same amount for which the verdict has been found in this case. The plaintiff being clearly entitled to recover the sum found, the necessary amendment may be made.

The rule to show cause should be discharged.